**FILED**
**Nov 07, 2025**
**03:32 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **GREGORY S. SELLS,** | ) | **Docket No.: 2025-50-3662** |
| Employee, | ) | |
| **v.** | ) | **State File No.: 3054-2025** |
| | ) | |
| **NOVOLEX HOLDINGS, LLC,** | ) | **Judge Robert Durham** |
| Employer, | ) | |
| And | ) | |
| | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | |
| Insurer. | | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This Court held an Expedited Hearing on October 28, 2025, on Mr. Sells's request that Novolex authorize surgery and pay temporary disability benefits for a low-back injury. Novolex argued that Mr. Sells's injury happened when he fell from a barn roof. For the reasons below, the Court denies the requested benefits.

### History of Claim

Mr. Sells testified that on January 6, 2025, he was working with maintenance supervisor Ted Earnhart to unscrew some bolts on a machine. The bolts were stuck and difficult to reach, so they were using a long "cheater pipe" for additional leverage. They both put the pipe on their shoulders and lifted to loosen the bolt. Both thought the bolt moved, but the pipe had merely flexed upward. Mr. Earnhart then stepped away from the pipe, leaving all the pressure on Mr. Sells's shoulder. The additional pressure caused him to bend backward, and he immediately felt pain in his low back and right leg.

Mr. Sells said he saw Billy Wood, Novolex's manager, and told him that he tweaked his back and needed ibuprofen. He finished his shift, but his symptoms continued to worsen after he returned home. He had the next two days off, spending them in bed. On November 9, he went to work as scheduled. After a few minutes, he was in so much pain

1

that he requested medical attention. A coworker drove him to an urgent care clinic, where a physician's assistant diagnosed a lumbar strain, gave work restrictions, and ordered physical therapy and an MRI.[1]

When he failed to improve, Mr. Sells selected Dr. Tarek Elalayli from a panel of neurosurgeons. Dr. Elalayli diagnosed right sacroiliac inflammation and treated him with multiple SI joint injections and physical therapy, which did not relieve his pain. In May 2025, Dr. Elalayli recommended an SI joint fusion, which the adjuster later approved.

In the meantime, however, Novolex received statements from three other employees who said Mr. Sells told them a few weeks before his alleged work accident that he injured his back when he fell off a barn roof. At the hearing, all three employees testified by affidavit.

First, Mr. Wood, manager, said that Mr. Sells told him that he fell off a barn roof while making repairs and hurt his back two weeks before the alleged injury. Mr. Sells said the barn was on a family farm in Shelbyville that he inherited it from his father. Mr. Wood said Mr. Sells asked him for the name of his chiropractor and said he might go for an adjustment. Finally, he testified that Mr. Sells walked and moved normally on January 6, and he did not report a work injury to him.

Travis Meadows, a maintenance technician, also testified that Mr. Sells told him in December that he had hurt his back after falling off a barn roof while trying to remove a tree limb. He said that he did not observe Mr. Sells showing any signs of discomfort while working on January 6.

Another technician, Justin Wright, corroborated the testimony of Mr. Woods and Mr. Meadows by recalling that Mr. Sells told him in December that he fell off a barn on his property while repairing loose tin. He said Mr. Sells told him he planned to see a chiropractor after tweaking a muscle when he fell. Through the end of December, Mr. Sells complained about back pain, and Mr. Wright often saw him rubbing his back. He said that Mr. Sells moved normally while working on January 6 and did not mention hurting his back at work.

Novolex's counsel wrote a letter to Dr. Elalayli asking him to consider the coworker statements in determining whether he could say to a reasonable degree of medical certainty that Mr. Sells's January 6 work incident primarily caused the "right sacroiliac joint pain." Dr. Elalayli marked "no." In July, Novolex denied Mr. Sells's claim.

In September, Mr. Sells saw orthopedic spine surgeon John Burleson for an

---

[1] The parties did not submit any medical records except for the independent medical evaluation report offered by Mr. Sells.

independent medical evaluation. Dr. Burleson agreed with Dr. Elalayli that Mr. Sells suffers from a sacroiliac joint problem and needs a fusion.

As for causation, Dr. Burleson noted that Mr. Sells told him that he did not have a history of back problems and related all his symptoms to the January 6 work incident. Mr. Sells told him that he lives in a subdivision and does not own a barn. He denied being on a roof or having any other type of fall. Dr. Burleson then concluded that "greater than 50% of [Mr. Sells's] need for treatment and ultimately surgery is related to the accident he had at work."

At trial, Mr. Sells confirmed he never had any symptoms with his low back that required medical treatment before the January 6 event. He also testified he did not own a barn, did not have any property in Shelbyville, and never inherited a farm from his father. He confirmed that he lived in a subdivision and did not injure his back by falling off a roof. He conceded that he asked about a chiropractor but said it was for his daughter's benefit.

Mr. Sells vigorously denied making any of the statements attributed to him in his coworkers' affidavits about injuring his back before January 6, and he concluded that they were lying. He believed they were his friends, and he knew of no reason why they would lie.

Finally, the Court witnessed Mr. Sells at trial. He was in obvious pain and sat leaning almost entirely to his left side. He often changed positions from sitting to standing during the trial.

## Findings of Fact and Conclusions of Law

Mr. Sells must prove a likelihood of prevailing at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

To prove causation, Mr. Sells must establish that his current symptoms and need for treatment primarily arose out of his alleged work injury. *Id.* § 50-6-102(12)(A). Further, causation must be proven to a "reasonable degree of medical certainty," which requires an expert medical opinion. *Id.* § 50-6-102(12)(C). As the authorized physician, Dr. Elalayli's causation opinion is presumed correct under section 50-6-102(12)(E).

In this case, Drs. Elalayli and Burleson agreed that a sacroiliac joint fusion is reasonable and necessary treatment for Mr. Sells's current symptoms. The question is whether the January 6 work incident primarily caused his symptoms. Based on the coworkers' statements, Dr. Elalayli said no. Based on Mr. Sells's account, Dr. Burleson said yes. Thus, the Court must weigh the evidence given by Mr. Sells and his coworkers.

As Mr. Sells said, the evidence is impossible to reconcile. Either Mr. Sells told

3

three different coworkers that he injured his back in December when he fell off a roof, or he did not. The Court can only conclude that someone is not telling the truth.

Unfortunately, the evidence is lacking on both sides of the credibility issue. Novolex's witnesses all testified by affidavit. They were not subject to cross-examination, and the Court had no opportunity to assess their credibility. In addition, Novolex did not produce any corroborative evidence that Mr. Sells inherited a farm in Shelbyville, visited a chiropractor in December, or ever received treatment for his low back before January 6.

However, Mr. Sells did not call his coworkers as witnesses or take their depositions. He also offered no explanation as to why three separate witnesses, whom he considered friends, would all tell such specific falsehoods.

Neither party submitted Mr. Sells's medical records. They also failed to call Mr. Earnheart as a witness, even though he was the only one who allegedly witnessed Mr. Sells's accident. Mr. Sells did not call any witnesses to corroborate his testimony that he did not fall off a roof in December and did not suffer from back complaints before January 6. Finally, while the Court believes Mr. Sells suffers from low-back pain, his credibility on the issue of causation was not particularly persuasive.

Given the lack of independent corroborating evidence, resolution of the causation issue hinges on the burden of proof. The Appeals Board set out the standard of proof in an expedited hearing in *Buchanan v. Carlex Glass Co.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5-6 (Sept. 29, 2015):

> [A]an injured worker retains the burden of proof at all stages of a workers' compensation claim. At an expedited hearing, a trial court may grant relief if the court is satisfied that an employee has met the burden of showing that he or she is likely [to] prevail at a hearing on the merits. *This lesser evidentiary standard, embodied in section 50-6-239(d)(1), does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing,* but allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence."

(citations omitted) (emphasis added). Further, the Court must construe the law "fairly" and "impartially" and not "in a manner favoring either the employee or the employer." *Id.* § 50-6-116.

This case is similar to *Qualls v. Federal Mogul*, 2023 TN Wrk. Comp. App. Bd. LEXIS 10, at *9-10 (Mar. 7, 2023). In *Qualls,* the employee's Rule 72 declaration testified that he hurt his back in a specific incident at work, but his medical records said his back started hurting two weeks earlier. He did not know how he injured himself. The employer

also submitted statements from two managers saying the employee never told them about a work incident until after he filed a petition. The trial court denied the provision of a medical panel.

Despite the lesser evidentiary standard for an expedited hearing, the Appeals Board upheld the denial. The Board determined that the preponderance of the evidence supported the trial court's decision that the employee did not offer sufficient proof to show he was likely to succeed at a hearing on the merits.

This case also bears some similarity to the Board's recent decision in *McGuire v. TC Restaurants, LLC*, No. 2025-60-0654, 2025 TN Wrk. Comp. App. Bd. LEXIS __, slip op. at 4-5 (Nov. 5, 2025). In *McGuire*, the authorized physician changed his mind regarding causation after reviewing video surveillance. The Board affirmed the trial court's decision that the evidence offered by the employee was not enough to overcome the presumption afforded to the authorized doctor's opinion.

The Court makes a similar decision here, in that the evidence offered by Mr. Sells, when weighed against his coworkers' affidavits and Dr. Elalayli's opinion, is not enough to show he is likely to prove a compensable injury at a hearing on the merits. Thus, the Court denies his claim for benefits at this time.

IT IS ORDERED.

1. Mr. Sells's request for additional benefits is denied.

2. This case is set for a Scheduling Hearing on **January 14, 2026, at 10:30 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED November 7, 2025.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

Exhibits:
1. Deposition of Veatrice Storey
2. Dr. Burleson's independent medical evaluation report
3. Novolex's Collective Exhibits

5

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on November 7, 2025.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Adam Brock-Dagnan, Employee's Attorney | | X | Adam.brockdagnan@forthepeople.com |
| James Tucker, Gabi Jackson, Employer's Attorneys | | X<br>X | jtucker@manierherod.com<br>gjackson@manierherod.com |

_____

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____   ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*